**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GWENDOLYN GIPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.: 22 CV 6953** |
| **OPEN DOOR HEALTH CENTER OF ILLINOIS,** | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, **GWENDOLYN GIPSON** ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, **OPEN DOOR HEALTH CENTER OF ILLINOIS** ("Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), for Defendant discriminating against Plaintiff on the basis of her race during the course of her employment.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

## PARTIES

4. Plaintiff is an adult African American individual and a resident of Brookfield, Cook County, Illinois.

5. Defendant is and was at all times relevant to the allegations herein, a foreign corporation organized under the laws of the State of Illinois doing business in Illinois and other surrounding states.

6. At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Elgin, Illinois location.

7. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the Title VII 42 U.S.C. § 2000e(b).

8. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the Title VII 42 U.S.C. § 2000e(f).

9. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

10. Plaintiff timely filed this Complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant on or around July 6, 2021. Plaintiff's position with Defendant was Manager of Finance & Grants.

12. At all times relevant, Plaintiff was meeting the legitimate job performance expectations of Defendant when said job performance expectations were applied equally to similarly situated employees, regardless of race.

13. Plaintiff was also verbally harassed by her manager on frequent occasions during her employment, which did not subject Plaintiff's similarly situated non-Black coworkers to.

## COUNT I
## (TITLE VII RACE DISCRIMINATION)

14. Plaintiff re-alleges paragraphs 1 through 13 and incorporates them as if fully set forth herein.

15. Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of race.

16. By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her race, including but not limited to excessive discipline and verbal harassment.

17. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

18. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

19. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count I and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

c) Award Plaintiff punitive damages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)  Award Plaintiff equitable/injunctive relief;

f)  Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## (SECTION 1981 RACE DISCRIMINATION)

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

21. Section 1981 prohibits employers from discriminating against employees on the basis of race or ethnicity in the making, performing, modifying, and termination of contracts employment contracts, including at-will employment contracts.

22. By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

23. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race and ethnicity in the performance and termination of the at-will employment contract when it subjected her to excessive discipline and verbal harassment on the basis of her race and terminated on October 6, 2021.

24. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

25. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

26. Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT II**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count II and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

c) Award Plaintiff punitive damages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff equitable/injunctive relief;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

GWENDOLYN GIBSON

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
*Msmith39950@aol.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VALARIE D. SEALS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.: XXXX** |
| **ECOLAB, INC.,** ) | |
| ) | **JURY DEMANDED** |
| **Defendant.** ) | |
| ) | |

**COMPLAINT**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VALARIE D. SEALS,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**ECOLAB, INC.,** )<br>)<br>**Defendant.** )<br>) | **Case No.: XXXX**<br><br>**JURY DEMANDED** |

**COMPLAINT**

# EXHIBIT B